Filed
File Date: 5/14/2019 10:59 AM
Rockingham Superior Court
E-Filed Document

**EXHIBIT**

A

## STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY                                    SUPERIOR COURT
                                                     218-2019-CV-00594

### ALEX COTE II

#### V.

### TOWN OF DEERFIELD; MARK TIBBETTS, in his individual and official capacity; BOY SCOUTS OF AMERICA, DANIEL WEBSTER COUNCIL, INC.; BOY SCOUTS OF AMERICA; AND LEARNING FOR LIFE.

#### **JURY TRIAL DEMANDED**

#### **COMPLAINT**

Plaintiff, Alex Cote II, brings this civil action against defendants through his attorneys,

Nixon, Vogelman, Slawsky & Simoneau, alleging civil rights violations, negligence, violations

of the state whistleblower statute and claims of assault and battery. Plaintiff seeks compensatory

damages, enhanced compensatory damages, an award of costs, interest and attorney's fees and

such other and further relief as the law allows and this Court deems equitable, just and

appropriate.

#### **PARTIES**

1. Plaintiff, Alex Cote II, resides at 5 James City Road, Deerfield, New Hampshire 03037.

2. Defendant, Town of Deerfield, is a municipal corporation within Rockingham County,
   New Hampshire with an address of 8 Raymond Road, Deerfield, New Hampshire 03037.
   It is authorized by law to maintain a fire department, which acts as its agent and for
   which it is ultimately responsible. The Town of Deerfield is the employer of Town of
   Deerfield firefighters.

3. Defendant, Mark Tibbetts, is a resident of the State of New Hampshire and was, at all
   relevant times, acting under color of state law as an officer, employee and agent of the

1

Town of Deerfield Fire Department. Tibbetts current address is 43 Mountain View Road, Deerfield, New Hampshire 03037. Tibbetts is being sued in both his individual and official capacities.

4. Defendant Daniel Webster Council, Inc. Boy Scouts of America ("Daniel Webster Council") is a domestic nonprofit corporation incorporated in the State of New Hampshire with its principal place of business in New Hampshire and an address of 571 Holt Avenue Manchester, NH 03109.

5. Defendant Boy Scouts of America ("Boy Scouts") is a Texas corporation with a headquarters and a principal place of business 1325 W Walnut Hill Lane, Irving, Texas 75015.

6. Defendant Learning for Life is a District of Columbia nonprofit corporation with its principal place of business located at 1329 W Walnut Hill Lane, Irving, Texas 75038. Boy Scouts of America is the owner of Learning for Life.

## FACTS

**ALEX COTE'S EXPERIENCE IN THE EXPLORING PROGRAM**

1. Alex Cote grew up surrounded by firefighters, fire trucks, and sirens. Since Alex was four years old, he felt a part of the Deerfield Fire Department community. His father is a firefighter and every opportunity he had, he would follow him to the station, crawling around in fire trucks, attending parades and wearing a large red hat.

2. Alex planned to become a Deerfield firefighter through the training and opportunities he would receive in the Exploring program.

2

3. On December 28, 2013, at the age of fourteen, Alex Cote joined the Explorer Program. He signed on as a fire explorer working with the Deerfield Fire Department under the command of Chief Mark Tibbetts.

4. Tibbetts displayed inappropriate and harassing behavior at work in front of Explorers like Alex and towards other employees. This behavior intensified in 2014 after the death of Former Veteran Chief George Clark.

5. The Town of Deerfield was aware of Tibbetts' inappropriate behaviors, including physical and sexually abuse. Town officials, fire fighters and rescue personnel had witnessed this behavior first-hand. Town of Deerfield employees had previously complained about Tibbetts, yet nothing was done.

6. One of Tibbets inappropriate behaviors was regularly making sexual innuendos towards anyone within earshot. His words and comments were repulsive, demeaning and humiliating.

7. For example, in late 2015, Alex observed Tibbetts sitting with another firefighter, Matt Kimball, outside the radio room door. They were talking inappropriately and making sexual comments about a female explorer. Specifically, they were discussing the female explorer's breasts and talking about "what they could do to her" if she was 18. The female explorer was sitting next to Alex and heard the comments. Alex shut the door so the other explorer would not have to listen any longer.

8. That is not the only time Tibbetts made sexual comments around Alex or other explorers. Tibbetts once asked a fellow firefighter, in front of the youth explorers, how it was "fucking that nice piece of meat," referencing the firefighter's girlfriend. He then asked the firefighter to give him a call if "he needed help with her."

3

9.  Alex observed Tibbetts being aggressive towards others at work. If people spoke out
    against his behaviors, he would subject them to humiliation and harassment. Tibbetts
    retaliated against anyone who opposed his actions.

10. Employees of the Town of Deerfield, including firefighters, made complaints to the
    Town Board about Tibbetts' retaliatory behavior as early as 2014. Their complaints were
    ignored by the Town of Deerfield. Employees stressed feeling bullied and unsafe
    working with Tibbetts, resulting in at least 20 firefighters leaving the department.

11. In 2015, Alex started speaking out against Tibbetts' behavior, telling him to stop, and that
    he was acting inappropriately. This caused Tibbett's harassment of Alex to escalate.

12. Tibbetts would regularly put his hands on Alex. He would slap or squeeze Alex's belly,
    telling him to go to weight watchers because he was a "fat fuck."

13. Tibbetts would grab Alex's breasts, pull on them, and tell Alex that "his breasts were
    bigger than his mother's." This happened multiple times.

14. Tibbetts would repeatedly make sexual jokes to Alex about his mother and sister.
    Tibbetts would ask Alex if his mother was "free tonight" or ask Alex what his sister was
    doing and if she was "waiting for me?"

15. Every year, between 2014-2017, the Explorer program would go to the Deerfield
    Fairgrounds for the firehouse fair. Every year, Tibbetts would display the same
    aggressive, insulting and repugnant behaviors in front of the youth explorers. For
    example, Tibbetts would sit in a chair and rate women, of any age, including minors, on a
    scale from 1-10. Tibbetts would make sexual comments about their body parts and what
    he would do to them.

16. In 2016, Alex attended the New Hampshire Fire Academy. The training was five nights and six days. Four different explorers attended. Alex was excited to use what he learned to increase his responsibility at the fire house and further his career. Alex hoped that after the training, Tibbetts would take Alex more seriously.

17. Unfortunately, the retaliation continued after Alex's training. Tibbetts excluded Alex from fire calls. Twice, Tibbetts left Alex behind on sites, or at the station, after responding to calls. Alex's mother witnessed Tibbetts purposively pull away from the fire station while Alex tried, unsuccessfully, to hop onto the moving truck with all his gear.

18. After witnessing Tibbetts torment Alex, his mother, Laura Cote, complained directly to John Harrington, Deerfield's town administrator, on two occasions. These complaints resulted in nothing more than Tibbetts increasing his wrath on Alex, including yelling at Alex telling him his mother was a "loud mouthed bitch."

19. The sexual and physical humiliation and abuse continued. Tibbetts would grope Alex's breasts, telling him he looked like a woman and should be "wearing his mother's bras."

20. More than once, Tibbets slapped Alex's stomach, grabbed his waist and asked him "who would cuddle up with that?" He would ask Alex "do you eat everything in sight?"

21. At the firehouse fair in 2016, Alex brought his girlfriend. After Alex's girlfriend left, Tibbetts, in front of other firefighters and officials, told Alex that "his tits were bigger than hers (referring to Alex's girlfriend) and if he didn't fuck her, then I will."

22. Alex once returned to the station after responding to a call and Tibbetts yelled in Alex's face that he was "driving recklessly." Responding Fire Department Officer John Dubiansky told Tibbetts that Alex did not drive recklessly as he was behind him the entire time, yet, Tibbetts continued to accost Alex and removed him from another call.

5

23. By the end of 2016, Tibbetts was encouraging other firefighters to also comment about Alex's body. He used these other firefighters to role play scenes meant to humiliate Alex. One of these scenes depicted Alex as being too fat to perform at trainings because his breasts got in the way.

24. John Dubiansky, an Explorer liaison, witnessed much of these role-playing situations, and did not take any action to prevent the harassment.

25. Contrary to Explorer policies and procedures, Alex was often supervised by firefighters who had not completed youth training and were not registered leaders. One of these men was Matt Kimball.

26. When Alex responded to calls, there was not always a registered leader supervising as required under Explorer program rules. The Chief Tibbetts was directly responsible for assigning leaders and ensuring appropriate supervision.

27. In October of 2016, Mrs. Cote, sent an unsigned letter to the then Town Administrator Janet Foisey, all 5 select board members (each separately) and, the Town Secretary, complaining of Tibbetts' behavior. Mrs. Cote also attended a select board meeting in November 2016. where herself, and many others, made a formal complaints about Tibbetts' behaviors. The Town did not take any action or address their concerns.

28. On September 29, 2017, Alex was forced to vacate his position at the Deerfield Fire Department. The day he was terminated, Tibbetts screamed forcefully in his face, angry that Alex had complained about his behavior to his parents and other firefighters. Alex left the "meeting" physically shaking and visually traumatized.

29. Alex should have remained in his position until he turned 18, graduated from the program, and continued his work at the Fire Department.

6

30. After being terminated from his position, Alex and his parents requested his personnel file and any documents or reports from incidents occurring at the firehouse during his four years in the program. The department admitted they had no personnel file, and, in fact, no documentation from Alex's time at the department or his involvement with the Explorers.

31. In response to a request for an investigation, the Town of Deerfield acknowledge that an "occurrence" did occur at the fire house between Alex and Tibbetts, yet, have no documentation or incident report documenting the "occurrence" as required by Explorer policies and procedures.

32. The Town also informed the Cote family that, because Alex was only a volunteer firefighter in the Explorer program, that he was not covered under their harassment policies. The Town stated Alex could not file a complaint at the Human Rights Commission, and that laws of the State of New Hampshire did not apply to this circumstance.

33. The treatment he experienced at the Deerfield Fire Department cost Alex his career as a Deerfield Fire Fighter, a lifelong dream. Alex experienced humiliation, embarrassment, pain and suffering, including panic and anxiety issues as a direct result of all defendants' actions, inaction and deliberate indifference.

**"THE EXPLORERING PROGRAM"**

34. Plaintiff incorporates all previous paragraphs by reference.

35. "Exploring" is a worksite-based career education program that places young adults from ages 10-20 at "clubs" or "posts" that are sponsored by local businesses, government

7

agencies and nonprofit organizations in the student's desired career field. "Clubs" serve scouts in 6-8[th] grade while "posts" serve young adults ages 14-20.

36. The vision of the Explorer program is to "[s]hape the workforce of tomorrow by engaging and mentoring today's youth in career and life enhancing opportunities." There are over 280 local councils delivering these programs to over 532,000 youth across the country.

37. Defendant Boy Scouts, through its affiliate Learning for Life, operated the Exploring program at all times relevant to this complaint.

38. Defendant Daniel Webster Council administered and oversaw various Exploring posts in New Hampshire. [1]

39. Learning for Life provides services to local posts and clubs, including year-round leadership training, training on techniques and methods for selecting quality leaders, regular communication with each post to provide program support, program resources and staff assistance.

40. Each post requires at least, four adults, including a committee chairman, two committee members, and an advisor, to supervise and work directly with the youth explorers. Each post can have an unlimited number of associate advisors. Each adult participant is required to pass a background check and complete the Youth Protection Training every two years. The training is available online and each adult participant must take the test individually.

41. Mark Tibbetts was a registered leader for the Explorer's program.

---

[1] Defendants Boy Scouts, Learning for Life and the Daniel Webster Council, along with their employees, representatives, and agents, are collectively referred to as "BSA" as each of these defendant's was involved in overseeing, sponsoring, creating and/or administering the Exploring program and its placements.

42. Adult leaders are expected to: [2]

    a.  Foster and develop an environment within the Explorer post or club that promotes a feeling of community and encourages growth and responsibility to one another;

    b.  Help youth to lead, to plan, to make decisions, and to carry out a program of activities over an extended period of time;

    c.  Encourage participation in and support for the Explorer post or club from the participating organization, associate Advisors or Sponsors, post or club committee, parents, and other adults in the surrounding community;

    d.  Uphold the standards and policies of the participating organization and Learning for Life;

    e.  Protect the young people in the Explorer post or club from abuse and neglect; and,

    f.  Ensure that activities are conducted within safety guidelines and all legal requirements.

43. As a local post, sponsor, and employer of Explorer advisors, the Town of Deerfield was responsible for making sure Explorers learned in a safe environment. Explorer post guidelines require that "Advisor[s] or Sponsor[s] of an Explorer post or club…are responsible for ensuring that the youth in your post or club are protected from abuse by adults or other youth… Creating a safe environment goes further than protecting the youth in your post or club from abuse. It also means that every Explorer is emotionally safe—safe from putdowns, intimidation, hazing, harassment, and exclusive peer groups."

---

[2] All quotes in the facts section are derived from the Explorer website, including Exploring Safety First Guidelines http://www.exploring.org/wp-content/uploads/2016/12/LFL-safety-first-guidelines-3.21.17.pdf, The Exploring Guidebook for Post Leaders http://www.exploring.org/wp-content/uploads/2016/10/Exploring-Guidebook-Sept2017.800-100.18.pdf, and the Annual Memorandum of Understanding http://www.exploring.org/wp-content/uploads/2016/10/EXPL-MOU-800-737-369wks-FILL.pdf .

**DEERFIELD FIRE DEPARTMENT POST**

44. At all times relevant to this complaint, the Town of Deerfield Fire Department was an
Exploring post administered through the Daniel Webster Council and Learning for life.

45. At all times relevant to this complaint, Mark Tibbetts was employed by the Town of
Deerfield as chief of the department.

46. The other registered leaders of the Deerfield Fire Department Explorer post were John
Dubiansky, Richard Butler, David Farrar and Dianne Kimball.

47. The Deerfield Fire Department Explorer post was created in the early 1990's. The post
was created with the intention of training future fire fighters for the department. There are
currently three department members who started their careers in an Explorer post, John
Dubiansky, Jeff Smith, and the current fire chief Matt Fisher.

## CAUSES OF ACTION

### COUNT I:
### Violation of Civil Rights 42 U.S.C. §1983
### (Against Town of Deerfield)

48. Plaintiff incorporates all previous paragraphs by reference.

49. Under the Equal Protection Clause of the Fourteenth Amendment to the United States
Constitution, plaintiff is afforded the constitutionally-protected right to be free from the
invasion of bodily integrity through assault, battery, abuse and harassment.

50. Plaintiff's right to bodily integrity is a recognized constitutional right and was clearly
established at the time of the abuse.

51. At all relevant times, Mark Tibbetts was acting within the scope of his employment and
under the color of law, under color of statutes, ordinances, regulations, policies, customs
and usages governing the performance of their official duties.

10

52. The acts as alleged above amount to an intentional and/or reckless violation of clearly established constitutionally protected rights, of which reasonable persons in the Defendants' position should have known.

53. At all times material to this complaint, defendant Town of Deerfield, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant Mark Tibbetts, including but not limited to the unconstitutional physical and sexual harassment of Alex Cote.

54. The Town of Deerfield has the ultimate responsibility and authority to adequately train and supervise its employees, agents and representatives in the appropriate manner of detecting and reporting abuse, assault and harassment, especially of young adults in the Explorer program. The Town of Deerfield has a further duty to prevent assault, harassment and abuse on its premises and encourage prompt action and disclosure of any such abuse of suspected abuse through the implementation of reasonable policies and procedures.

55. Defendant, Town of Deerfield, failed to establish or implement guidelines for, and/or train, supervise of educate its agents, including Mark Tibbetts, about correct practices and procedures used in detecting, eliminating and avoiding physical and sexual abuse and harassment. As a matter of acts, custom, policy, and/or practice, the Town of Deerfield failed to do so with deliberate indifference, thereby permitting the defendants to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

56. The Town of Deerfield exhibited deliberate indifference to plaintiff, Alex Cote's, constitutional rights by violating the policies and procedures set forth in Explorer Post manual and Guidelines and employee manuals, policies and procedures.

11

57. The Town of Deerfield exhibited deliberate indifference to Alex's constitutional rights by
failing to have policies in place to protect him from a violation of his right to bodily
integrity, including but not limited to:

   a. Established appropriate measures regarding training and selection of firefighters
   to work with Explorer students;

   b. Establishing appropriate monitoring and supervision of firefighters while they are
   interacting with Explorer students;

   c. Educating adult leaders and other firefighters regarding what constitutes
   appropriate behavior and interaction and what constitutes harassment or abuse;

   d. Requiring and training firefighters to quickly and adequately report harassment of
   Explorer's they have personally witnessed; and

   e. Requiring that a firefighter who is suspected of abuse or harassment of Explorer
   students be separated from the victim of the harassment and/or abuse.

58. The Town of Deerfield's deliberately indifferent failure to follow, enforce, or implement
reasonable policies directly led to the repeated harassment and abuse of Alex over the
course of three years, despite being witnessed by other employees of the Town.

59. As a result of a conscious policy, practice, custom or usage, defendant Town of
Deerfield, permitted and allowed for the employment and retention of individuals,
including Mark Tibbetts, as agents whose individual circumstances place the public at
large, including Explorers, at substantial risk of being the victims of discriminatory,
assaultive, abusive or otherwise illegal and offensive behavior. Such policy, practice,
custom and usage are a direct and proximate cause of the conduct alleged herein and
otherwise a direct and proximate cause of the harm to the plaintiff.

12

60. As a direct and proximate result of the Town of Deerfield's deliberate indifference, and wrongful policies, practices, customs and usages complained herein, Alex's constitutional rights were violated and he has suffered and will continue to suffer pain and suffering, emotional distress, embarrassment, loss of self-esteem, humiliation, loss of enjoyment of life and loss of career. Alex has been prevented and will continue to be prevented from becoming a firefighter, resulting in a loss of earnings and earning capacity in the future, mental health therapy and associated medical costs caused by the defendant's actions.

## COUNT II:
### Civil rights violation
### (Against Mark Tibbetts)

61. Plaintiff incorporates all previous paragraphs herein.

62. Starting around December 2013, Alex Cote started the Explorer program at the Deerfield Fire Department post. From almost the moment he began his post, he was targeted, humiliated, and consistently emotionally, sexually, and physically assaulted by Mark Tibbetts.

63. The conduct and actions described herein, of Mark Tibbetts, acting under color of state law, were not in good faith and were intentional, malicious, and sadistic, with a deliberate indifference to the rights of Alex Cote and were unnecessary and wanton, with the purpose of humiliating, causing harm and inflicting pain, in violation of Alex Cote's constitutional rights as guaranteed under 42 U.S.C. §1983.

64. As a direct and proximate cause of the conducts and actions of Mark Tibbetts, Alex's constitutional rights were violated and he has suffered and will continue to suffer pain and suffering, emotional distress, embarrassment, loss of self-esteem, humiliation, loss of enjoyment of life and loss of career. Alex has been prevented and will continue to be prevented from becoming a firefighter, resulting in a loss of earnings and earning

13

capacity in the future, mental health therapy and associated medical costs caused by the
defendant's actions.

### COUNT III:
#### Negligence
**(Against Defendants Boy Scouts of America, Daniel Webster Council, Inc., and Learning for life "BSA")**

65. Plaintiff incorporates all previous paragraphs herein.

66. Defendants Boy Scouts of America, Learning for Life and the Daniel Webster Council of
Boy Scouts of America, along with their employees, representatives, and agents, are
collectively referred to as "BSA".

67. The BSA Defendants' owed Plaintiff the duty to use due care to ensure his safety and
freedom from assault, abuse, and harassment while he participated in the Explorer
Program.

68. By accepting Alex to participate in its youth educational program, BSA established a
special relationship with Alex, because of this special relationship the BSA Defendants'
owed Alex a duty to use due care for his safety and protection.

69. As a mere child, Alex relied on the BSA Defendants' to use reasonable care and skill to
prevent harm to him during his participation in its Exploring program.

70. The BSA Defendants' failure to adequately oversee its Exploring program and enforce its
own policies and procedures was so reckless as to demonstrate a substantial lack of
concern for whether an injury would result to Alex.

71. Despite the known prior abuse in explorer programs nationwide, as well as the knowing
of Tibbetts' bad behavior, and the known risk that young members would be harassed,
abused and exploited, the BSA Defendants' failed to adequately supervise or oversee

14

their various posts, including the Deerfield Fire Department post. The BSA Defendants' conduct demonstrated a willful disregard for substantial risks to Alex.

72. BSA's acts and omissions, as described throughout this complaint, demonstrate a willful disregard for necessary precautions to reasonably protect Alex's safety in light of known risks of abuse and harassment.

73. The BSA Defendants' breached their duties to Alex and were negligent by the actions described herein, including, but not limited to their failure to:

   a. Oversee or supervise the Town of Deerfield Fire Department Exploring Post;

   b. Require and/or confirm that the adults directly involved with the Explorer students at the Deerfield Fire Department were registered with BSA and had undergone the Youth Protection Training and background check;

   c. Require and/or confirm that the registered leaders of the Deerfield Fire Department post were overseeing the Exploring program;

   d. Adequately train the Deerfield Fire Department post leadership as to the risks and warning signs of child abuse and harassment;

   e. Adequately train the Deerfield Fire Department post leadership as to appropriate reporting and investigations when harassment of a child occurs;

   f. Enforce and monitor the Town of Deerfield Fire Department post for compliance with BSA policies and procedures;

   g. Require the Town of Deerfield Fire Department to have adequate polices in place to protect Explorer students from harassment and physical and emotional abuse;

   h. Require the Town of Deerfield Fire Department to have adequately trained staff who are not registered leaders with the program regarding prevention, reporting

15

and investigation of harassment and physical and emotional abuse of Explorer
students; and

   i. Adequately train and supervise its local councils and their employees and
volunteers regarding required supervision of the Exploring posts.

74. By partnering with the Town of Deerfield Fire Department to facilitate its Exploring
program, allowing the post to act with actual or apparent authority granted by the BSA,
and maintaining significant control and oversight over the actions of the Post, the
employees, volunteers and agents of the Deerfield Fire Department are the agents of Boy
Scouts of America and Learning for Life. By and through these agents, BSA is
vicariously liable for the negligent actions described herein, including but not limited to:

   a. Mark Tibbetts' sexual, physical and mental abuse and harassment of Alex Cote;

   b. Matt Kimball's, as well as all other officers, failure to report the harassment and
abuse of Alex Cote;

   c. The failure of any fire department leadership to recognize the signs of harassment
and abuse and the failure of any fire department leadership to report and
investigate such abuse;

   d. The failure of any fire department leadership to separate Mark Tibbetts from Alex
Cote and other Explorers;

   e. The failure of any fire department leadership to discipline Mark Tibbetts for his
sexually harassing comments, physical abuse and harassment of Explorer students
including Alex Cote; and

   f. The failure of policy, practices and customs to keep Explorer students safe from
harassment and abuse.

16

75. As a direct and proximate cause of BSA's actions and/or inactions, Alex suffered and will continue to suffer pain and suffering, emotional distress, embarrassment, loss of self-esteem, humiliation, loss of enjoyment of life and loss of career. Alex has been prevented and will continue to be prevented from becoming a firefighter, resulting in a loss of earnings and earning capacity in the future, mental health therapy and associated medical costs caused by the defendant's actions.

**COUNT IV:**
**Violation of New Hampshire's**
**Whistleblower's Protection Act (WPA) RSA 275-E**
**(Against Town of Deerfield)**

76. Plaintiff incorporates the previous paragraphs herein.

77. Alex Cote reported, in good faith, actions which he believed violate state and federal harassment and discrimination laws.

78. Alex Cote stood up against the Chief, Mark Tibbetts, harassing and discriminatory conduct, in front of others, including BSA employees, volunteers and liaisons, and Town of Deerfield employees.

79. Alex Cote expressed his concerns to the Town of Deerfield.

80. After standing up to Tibbetts the harassing behavior escalated and Alex was terminated from his position in retaliation for reporting Tibbetts' bad acts.

81. Alex Cote suffered an adverse employment action as a result of him questioning and openly opposing the behavior and actions occurring at Town of Deerfield Fire Department.

82. As a direct and proximate result of these actions, Alex Cote suffered harm, including loss of future income, emotional distress and other damages.

## COUNT V:
## Respondeat Superior

83. Plaintiff re-alleges and incorporates by reference the allegations of facts in all preceding paragraphs.

84. The conduct alleged above by the agents, employees, staff, officers and managers of defendants occurred during the course and scope of their duties and functions as employees of the defendants, and, as a result, defendants are liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

## COUNT VI:
## Supplemental State Law Claims
**(Against Town of Deerfield and Mark Tibbetts in his individual capacity)**

85. Plaintiff incorporates the previous paragraphs herein.

86. The conduct of defendant Mark Tibbetts occurred while he was on duty, in and during the course and scope of his duties and functions as Town of Deerfield firefighter and Chief, and while he was acting as agents and employees of the defendant Town of Deerfield, and as a result, defendant, Town of Deerfield, is liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

87. By the actions described above, the defendants have committed the following wrongful acts against the plaintiff:

    a.  Assault on the plaintiff,

    b.  Battery on the plaintiff,

    c.  Violation of the rights otherwise guaranteed to the plaintiff under the laws and constitutions of the State of New Hampshire and the United States.

18

WHEREFORE, the plaintiff demands the following relief:

1. Judgment against the defendants, Town of Deerfield; Mark Tibbetts; in his individual and
   official capacity; Boy Scouts of America; Daniel Webster Council, Inc.; Boy Scouts of
   America; and Learning for Life in an amount to be determined, and in the maximum
   amount applicable, including enhanced compensatory damages, pursuant to the
   Constitution and the statutory and common law of the State of New Hampshire, as well
   as the jurisdiction of this Honorable Court; and

2. Such other relief as is just and equitable.

                                    RESPECTFULLY SUBMITTED,
                                    ALEX COTE, II

                                    By His Attorneys,

                                    NIXON, VOGELMAN, SLAWSKY &
                                    SIMONEAU, P.A.


Date:  May 14, 2019         By      /s/ Kirk C. Simoneau
                                    Kirk C. Simoneau, Esq. (NH Bar #19291)
                                    77 Central Street
                                    Manchester, NH 03101
                                    (603) 669-7070
                                    ksimoneau@davenixonlaw.com

19